**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jaime Enrique C.A., Case No. 0:26-cv-03433 (KMM/DLM)

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

Jaime Enrique C.A., Case No. 0:26-cv-04649 (KMM/DLM)

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

**ORDER ON Emergency Motion to Enforce Order and Judgment**
**ORDER ON Habeas Petition**

These are two related habeas cases involving Petitioner Jaime Enrique C.A.'s detention by immigration authorities. (Case No. 0:26-cv-03433 (KMM/DLM) ("the first case"); Case No. 0:26-cv-04649 (KMM/DLM) ("the second case").) In the first case, on September 22, 2026, the Court granted Petitioner's request for a writ of habeas corpus, in part, requiring Respondents to hold an individualized custody determination hearing to consider whether Petitioner is a flight risk or a danger to the community. (No. 0:26-cv-03433, Dkt. 9 ("the September 22nd Order").) On October 5, 2026, Mr. C.A. filed an

Emergency Motion to Proceed Pro Se and to Enforce Order and Judgment ("the Emergency Motion"). (*Id.*, Dkt. 14.) The motion contains several requests, and the Court grants it only to the extent Mr. C.A. asks to have his pro se arguments considered on their merits. It is otherwise denied.

Mr. C.A. filed the second case on October 28, 2026. (No. 0:26-cv-04649, Dkt. 1.) In this new petition, as construed by the Court, Mr. C.A. asserts two claims. First, he raises a challenge to the constitutional adequacy of the bond hearing that he received following the Court's decision in the first case. This first claim overlaps relief that Petitioner seeks through the Emergency Motion. And second, Mr. C.A. raises a claim concerning the legality of his arrest. As discussed below, the petition in the second case is denied.

## I. The Emergency Motion

In the Emergency Motion, Mr. C.A. first asks the Court to permit him to proceed pro se because his attorney "does not wish to continue representing [him]." (No. 0:26-cv-3433, Dkt. 14 at 1[1].) To the extent Mr. C.A. requests that the Court consider his motion even though his counsel has not formally withdrawn, that request is granted, and the Court has considered the remainder of the Emergency Motion on its merits.

Next, Mr. C.A. asserts that Respondents failed to comply with the September 22nd Order because they did not file a status report within 48 hours after the conclusion of the bond hearing. (*Id.*, Dkt. 14 at 2.) He asks that Respondents identify any report's ECF number and filing time or to file the missing report and explain the delay. (*Id.*) This request

[1] Citations to page numbers are to the CM/ECF-generated pagination.

is denied. Respondents filed a letter on September 29, 2026, advising the Court that the Immigration Court held a bond hearing earlier that day, at which the Immigration Judge ("IJ") denied Petitioner's request for bond. The IJ found that Petitioner was a danger to the community and a flight risk. Respondents' letter also advises that Mr. C.A. reserved appeal of that decision with the Board of Immigration Appeals ("BIA"). (*Id.*, Dkt. 13.) Respondents, therefore, complied with their obligation under the September 22nd Order to file a status report following the custody determination hearing.

Next, Mr. C.A. asserts that the IJ's written decision does not discuss any facts supporting the conclusion that he is a danger and a flight risk. (*Id.*, Dkt. 14 at 2.) He states that the recording of the hearing is needed to determine whether the IJ's decision complied with the Court's directive that "any decision to retain Mr. C.A. in custody after the bond hearing must set forth the reasons for his continued detention." (*Id.*, Dkt. 9 at 17.) Mr. C.A. asks the Court to require the Respondents to preserve and produce the audio recording to make that determination. (*Id.*, Dkt. 14 at 2–3.) This request is also denied.

The IJ's decision is brief, but does set forth the reasons for Mr. C.A.'s continued detention:

> The respondent remains a danger to the community pursuant to Matter of Urena 25 I&N Dec. 140 (BIA 2009); Matter of Siniauskas, 27 I&N Dec. 207 (BIA 2018). He also poses a flight risk pursuant to Matter of Guerra, 24 I&N Dec. 39 (BIA 2006); Matter of R-A-V-P-, 27 I&N Dec. 803 (BIA 2020); Matter of A-L-S-, 29 I&N Dec. 794 (BIA 2026).

(*Id.*, Dkt. 15 at 5.) The IJ's citation to these decisions from the BIA sufficiently identify the bases on which the IJ determined that continued detention was warranted in this case.

For example, in *Matter of Siniauskas*, the BIA explained that "[d]riving under the influence is a significant adverse consideration in bond proceedings." 27 I&N Dec. at 209. The BIA overturned an IJ's decision granting bond and sustained the Department of Homeland Security's appeal even though the petitioner's last conviction for driving under the influence occurred 10 years prior to the underlying bond decision and were other mitigating circumstances existed. *Id.* As this Court noted in its September 22nd Order, Mr. C.A. has a conviction for driving while impaired from November 2023. (No. 0:26-cv-03433, Dkt. 9 at 6 n.3; *see also* No. 0:26-cv-04649, Dkt. 1 ¶ 12 (noting 2023 proceeding related to driving under the influence of alcohol).) Thus, while the IJ's decision does not discuss the underlying facts supporting the bond denial, the references incorporated in the decision indicate that the IJ likely found Mr. C.A. failed to meet his burden to show that he does not present a danger to persons or property. An immigration detainee who loses a bond hearing has an administrative remedy through an appeal to the BIA. 8 C.F.R. §§ 1003.1(b), 1003.19(f), 1003.38. Although it is unclear whether Mr. C.A. filed an appeal with the BIA of the IJ's custody decision, the record reflects that he reserved his right to appeal to the BIA. In any event, Mr. C.A. has not demonstrated that Respondents failed to comply with this Court's September 22nd Order.

Finally, Mr. C.A. asks the Court to order his release from custody upon finding that Respondents failed to provide the process required by the September 22nd Order. (No. 0:26-cv-03433, Dkt. 14 at 3.) In a declaration submitted in support of the Emergency Motion, Mr. C.A. states the following: (1) he joined the September 29th bond hearing via videoconference; (2) he was represented by counsel, his attorney submitted evidence in

support of his position that he was not a flight risk or a danger to the community; (3) the counsel for the Government misrepresented facts regarding his detention in connection with a previous driving-under-the-influence case and that Mr. C.A. resisted arrest; and (4) Mr. C.A. was able to observe the hearing through the point where the IJ denied his request for bond. (*Id.*, Dkt. 15 at 2–4.) This testimony does not establish any violation of the Court's September 22nd Order.

Consistent with the foregoing, the Court grants in part and denies in part Petitioner's Emergency Motion to Proceed Pro Se and to Enforce Order and Judgment. (*Id.*, Dkt. 14) The Emergency Motion to Proceed Pro Se and to Enforce Order and Judgment (No. 0:26-cv-03433, Dkt. 14) is **GRANTED** only to the extent Petitioner asks the Court to consider the pro se filing on the merits, and **DENIED** in all other respects.

## II. The Second Case

In the second case, the Court has carefully reviewed and liberally construed the claims raised in Mr. C.A.'s pro se habeas petition. First, he claims that Immigration and Customs Enforcement ("ICE") agents arrested him without a valid warrant on July 26, 2026. Second, Petitioner claims Respondents have not demonstrated, through an individualized assessment, that he poses a flight risk or a danger to the community. (No. 0:26-cv-04649, Dkt. 1.) As explained below, Mr. C.A.'s petition in the second case is denied.

With respect to Petitioner's claim that Respondents have not demonstrated that he is a flight risk or a danger to the community, this claim is essentially identical to that raised in his Emergency Motion in the first case. As explained above, Mr. C.A. has failed to show

that Respondents did not comply with this Court's September 22nd Order in the first case or that the IJ's order denying bond failed to provide adequate justification for the finding that he is a danger to the community. For the same reasons as those discussed above, Petitioner's second habeas petition is denied to the extent it seeks the relief already denied in the Emergency Motion.

Mr. C.A.'s unlawful-arrest claim fares no better. In the first case, Mr. C.A. alleged that he "was arrested without a warrant and without probable cause that he was a flight risk" sufficient to support a warrantless arrest under 8 U.S.C. § 1357(a)(2). (No. 0:26-cv-03433, Dkt. 1 ¶ 8; *see also id.*, Dkt. 1 ¶¶ 43–50.) But in response to Respondents' assertion that the arrest was lawful, Mr. C.A. did not present any additional argument on that claim or further develop the record. Indeed, in the September 22nd Order, the Court observed the following:

> Petitioner initially asserted that he was arrested without a warrant. He asserted a claim that his warrantless arrest was unlawful, requiring his immediate release. However, Respondents allege that they had a warrant for his arrest at some point during the arrest process. Petitioner did not respond to this showing or further develop any argument on his warrantless-arrest claim. In light of this record and the fact that it is granting relief on other grounds, the Court declines to consider whether [Petitioner] was arrested pursuant to a valid [administrative] warrant.

(*Id.*, Dkt. 9 at 2 n.1 (cleaned up).) Stated differently, because Mr. C.A. failed to develop any argument on or present any evidence in support of the unlawful arrest claim in the first case, the Court understood it to have been abandoned. *See, e.g.*, *Dorosh v. Minn. Dep't of Human Servs.*, No. 23-cv-1144 (ECT/LIB), 2023 WL 6279374, at *9 (D. Minn. Sept. 26,

2023) ("A plaintiff waives its claims by failing to respond to a defendant's arguments on a motion to dismiss."); *Martinez v. Bank of Am., N.A.*, No. 4:25-cv-00852-JMD, 2026 WL 522875, at *3 (E.D. Mo. Feb. 25, 2026) ("Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments." (quoting *Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023))); *MDKC, LLC v. City of Kansas City*, No. 4:23-cv-00395-DGK, 2023 WL 6406403, at *9 (W.D. Mo. Oct. 2, 2023) ("[F]ailing to make arguments in support of the claim raised in the Complaint constitutes waiver.").

Now, in the new habeas petition, Mr. C.A. asserts essentially the same claim. (No. 0:26-cv-04649, Dkt. 1 ¶¶ 11, 43, 69–74, 91, 97–103.) However, "a petitioner having once litigated a claim in a § 2241 petition may not relitigate the same claim in a subsequent § 2241 petition." *Roberson v. Cox*, No. 4:20-CV-04109-LLP, 2020 WL 13827143, at *4 (D.S.D. Nov. 19, 2020), *report and recommendation adopted*, No. CIV 20-4109, 2021 WL 11645692 (D.S.D. Feb. 9, 2021); *see also Diversified Health Assocs., Inc. v. Borough of Norristown*, No. CIV.A. 00-5702, 2001 WL 632912, at *3 (E.D. Pa. June 5, 2001) ("[A] plaintiff who abandons a claim in one proceeding may not reinitiate a second proceeding on the basis of that claim.").

In sum, the Court concludes that Mr. C.A.'s petition in the second case fails to establish that he is in custody in violation of the Constitution or laws of the United States. Therefore, **IT IS ORDERED THAT**:

The petition for a writ of habeas corpus (No. 0:26-cv-04649, Dkt. 1) is **DENIED**.

**Let Judgment be entered accordingly** in Case No. 0:26-cv-04649 (KMM/DLM).

Dated: November 18, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge